IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN EASLEY,

      Plaintiff,                      No. 2:08-cv-2476 JFM (PC)

   vs.

MARGARET JONES, et al.,

      Defendants.                ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se. On November 4, 2008, plaintiff filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff commenced this action on October 17, 2008 by filing an initial pleading on a form civil rights complaint pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On November 10, 2008, plaintiff filed a pleading styled as an amended complaint and a second in forma pauperis application. On the same day, plaintiff filed two documents styled as petitions for writ of habeas corpus and three discovery requests. On November 17, 2008, plaintiff filed another petition for writ of habeas corpus. Finally, on January 6, 2009, plaintiff filed a motion to compel production of documents.[1]

---

[1] Plaintiff has also filed several requests for copies of the Local Rules of this Court. On November 25, 2008, the Clerk of the Court advised plaintiff of the procedures for obtaining a copy of the Local Rules in the absence of an order directing service of process in this action.

1

Plaintiff's in forma pauperis applications make the showing required by 28 U.S.C. § 1915(a). Accordingly, the requests to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court is also required to review a newly filed federal habeas corpus petition and to dismiss any such petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254.

Review of all of the pleadings filed by plaintiff in this action shows that his claims all arise from or are intertwined with ongoing criminal proceedings against him in Sacramento County Superior Court.  Plaintiff seeks injunctive relief in the November 10, 2008 amended complaint.[2]

As a general rule, federal courts may not issue injunctive relief that affects ongoing state criminal proceedings where those proceedings provide the defendant with an opportunity to raise federal questions.  See Younger v. Harris, 401 U.S. 37 (1971).  Younger "leaves room for possible exceptions to the general rule for 'bad faith, harassment, or other unusual circumstances that would call for equitable relief.'"  Phillips v. Vasquez, 56 F.3d 1030, 1038 (9th Cir.) (Kleinfeld, J., concurring) (quoting Younger, 401 U.S. at 54), cert. denied, 516 U.S. 1032 (1995).  However, the exception to Younger is extremely narrow and limited to circumstances where plaintiff is threatened with irreparable injury "above and beyond that associated with the defense of a single prosecution brought in good faith."  Younger, 401 U.S. at 48.  "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."  Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 677 (1971) (quoted in Carden v. State of Montana, 626 F.2d 82, 84 (9th Cir. 1980).

Plaintiff claims, *inter alia,* that defendants falsified a police report, violated his privacy rights, delayed due process and destroyed legal exhibits and documents in an effort to pursue criminal charges against him.  Plaintiff sets forth facts surrounding his arrest and prosecution, including complaints concerning discovery in the underlying criminal action and

---

[2] Plaintiff does not seek money damages.

difficulty with attorneys appointed to represent him therein. Plaintiff confirms, however, that he is being represented by a public defender in the state court criminal action. Plaintiff has not yet gone to trial on the criminal charges in state court.

The issues raised in plaintiff's amended complaint are properly raised as a defense in the state court prosecution and do not support plaintiff's assertion of an exception to the general rule prohibiting federal court intervention in ongoing state criminal proceedings. Younger held that interference with a state criminal prosecution would disrupt the exercise of a basic state function, "prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its law and Constitution." Id., 401 U.S. at 51-52. Thus, a criminal prosecution implicates important state interests.

Plaintiff has not demonstrated that the state court cannot address his claims in a timely manner. State courts routinely consider federal constitutional issues as part of the criminal appellate process. See, e.g., People v. Phillips, 135 Cal.App.4th 422, 424, 37 Cal.Rptr.3d 539 (3d Dist.2006) (considering appellant's claim that the trial court improperly denied his motion to represent himself under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975)).

Accordingly, the court should dismiss plaintiff's complaint for injunctive relief pursuant to the doctrine of Younger abstention.

Plaintiff's motions for discovery should also be denied. Federal courts are courts of limited jurisdiction, and enjoy no general appellate oversight of state courts. Dubinka v. Judges of the Superior Court of State of Cal., 23 F.3d 218, 221-22 & n.6 (9th Cir.1994) (refusing to involve the federal courts insofar as plaintiffs sought relief in individual state criminal action discovery disputes). Plaintiff's motions for discovery in the state court criminal action will be denied.

/////

Plaintiff's petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 fail for the same reason. By way of these filings, plaintiff seeks discovery from the district attorney. As noted above, this court lacks jurisdiction over such claims. Moreover, petitions for writ of habeas corpus generally challenge the fact or duration of a prisoner's confinement. See Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). A review of the petitions submitted by plaintiff demonstrates that plaintiff is not challenging the fact or duration of his confinement and has not yet been convicted. Thus, plaintiff's petitions will also be dismissed without prejudice.

Finally, it appears that plaintiff's claims are also moot. Review of the Sacramento County Superior Court Index Search System reveals that at least four cases have been dismissed: case numbers 09F00842, 08M08696 (three misdemeanor charges, on December 16, 2008);[3] 08M08427 (one misdemeanor charge, on August 14, 2008); and 08F04376 (one felony charge, on June 17, 2008); and that plaintiff was accepted into drug court for charges contained in 08F03749 (one felony drug charge).[4] Further proceedings were scheduled for July 6, 2009, in 08F03749.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis are granted (Docket Nos. 2 & 7).

2. Plaintiff's motions for discovery are denied (Docket Nos. 12, 13, 14 & 17).

3. Plaintiff's petitions for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 are dismissed without prejudice (Docket Nos. 9, 11 & 15).

/////

---

[3] These misdemeanor charges appear to be the charges at issue herein. To determine whether there is a pending state judicial proceeding within the meaning of Younger, the critical question is "whether the state proceedings were underway before the initiation of the federal proceedings." Weiner v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994). Here, the charges were under way prior to the filing of the instant action on October 17, 2008.

[4] This website can be accessed at: <https://services.saccourt.com/indexsearchnew/CaseType.aspx>.

4. Plaintiff's claims for injunctive relief are dismissed pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

5. Plaintiff's November 10, 2008 amended complaint is dismissed without prejudice.

6. This action is dismissed without prejudice.

DATED: July 9, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12/001; easl2476.dsm